IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SUSAN C. STUFFT,                      )
                                      )
              Plaintiff,              )
                                      )
       v.                             )
                                      ) Civil Action No. 10-190J
MICHAEL J. ASTRUE,                    )
COMMISSIONER OF                       )
SOCIAL SECURITY,                      )
                                      )
              Defendant.              )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 27th day of June, 2011, upon due consideration

of the parties' cross-motions for summary judgment pursuant to

plaintiff's request for review of the decision of the Commissioner

of Social Security ("Commissioner") denying her applications for

disability insurance benefits ("DIB") and supplemental security

income ("SSI") under Title II and Title XVI, respectively, of the

Social Security Act ("Act"), IT IS ORDERED that the Commissioner's

motion for summary judgment (Document No. 17) be, and the same

hereby is, granted and plaintiff's motion for summary judgment

(Document No. 15) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an

obligation to weigh all of the facts and evidence of record and

may reject or discount any evidence if the ALJ explains the

reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d

Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her DIB and SSI applications on November 6, 2006, alleging disability beginning October 1, 2004, due to an overactive bladder, cholesterol, thyroid problems, multiple sclerosis and leg problems. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on November 14, 2007. On December 20, 2007, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on March 22, 2010, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 62 years old at the time of the ALJ's decision and is classified as a person of advanced age under the regulations. 20 C.F.R. §§404.1563(e), 416.963(e). Although plaintiff has past relevant work experience as an office clerk, data entry clerk, telephone operator and cashier, she has not engaged in substantial gainful activity at any time since her alleged onset date of disability.

AO 72
(Rev. 8/82)

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of urinary incontinence and degenerative disc disease, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work with a number of additional limitations. Plaintiff is limited to occasional stooping, kneeling, crouching, crawling and climbing. In addition, plaintiff requires work that allows her brief access to a restroom every 45 to 60 minutes during the workday, and that can be performed while wearing an incontinence protection pad. Further, plaintiff is limited to occasional interaction with supervisors, co-workers and the general public (collectively, the "RFC Finding").

Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's vocational factors and residual functional capacity enable her to perform her past work as an office clerk.[1] Accordingly, the ALJ found that plaintiff is not

---

[1]Even though the ALJ found plaintiff not disabled at step 4 of the sequential evaluation process, she noted in her decision that the vocational expert testified plaintiff's vocational factors and residual functional capacity also would (continued ...)

AO 72
(Rev. 8/82)

disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520(a)(4),

---

enable her to perform other work that exists in significant numbers in the national economy, such as a mail sorter, marker or file clerk. (R. 20). Therefore, even if the ALJ had proceeded to consider this case at step 5, she still would have found plaintiff not disabled.

AO 72
(Rev. 8/82)

416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at steps 2, 3 and 4 of the sequential evaluation process. Plaintiff argues at step 2 that the ALJ erred in failing to find that certain of her claimed impairments are "severe." At step 3, plaintiff argues that the ALJ erred by concluding that her severe impairments do not meet or equal any listing in Appendix 1. Further, plaintiff claims the ALJ's step 4 finding that she retains the residual functional capacity to perform work her past relevant work as an office clerk is not supported by substantial evidence. The court finds that these arguments lack merit.

Plaintiff first argues that the ALJ erred in finding that her hypothyroidism, cholesterol, multiple sclerosis and leg problems are not severe impairments. The "severity regulation" applied at step 2 requires that the claimant have a severe impairment, or combination of impairments, which significantly limits her physical or mental ability to perform basic work activities.[2] 20 C.F.R. §§404.1520(c), 416.920(c). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step

---

[2]Basic work activities include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. §§404.1521(b)(1)-(6); 416.921(b)(1)-(6).

2 severity determination in terms of what is "not severe." <u>Newell v. Commissioner of Social Security</u>, 347 F.3d 541, 546 (3d Cir. 2003) (<u>citing</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1290 (9th Cir. 1996)). According to the Regulations, an impairment "is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§404.1521(a), 416.921(a).

Although the principles discussed above indicate that the burden on an applicant at step 2 is not an exacting one, plaintiff nonetheless bears the burden to prove that her claimed impairments are severe. 20 C.F.R. §§404.1512(c), 416.912(c); <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987) (stating that the claimant bears the burden of proof at step 2 of the sequential evaluation process). Plaintiff has not met that burden in this case, as she has not proffered evidence to establish that her hypothyroidism, cholesterol, multiple sclerosis and leg problems present more than a minimal impact on her ability to perform basic work activities. In particular, there is no evidence in the record to indicate that plaintiff was diagnosed with multiple sclerosis, and none of her treating physicians identified any functional limitations as a result of hypothyroidism, cholesterol or leg problems. Accordingly, the court finds the ALJ did not err in making her step 2 finding.

Plaintiff next challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairments meet or equal one of the listed

AO 72
(Rev. 8/82)

impairments. <u>Burnett v. Commissioner of Social Security Administration</u>, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §§404.1525(a), 416.925(a); <u>Knepp v. Apfel</u>, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." <u>Burnett</u>, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. <u>Burnett</u>, 220 F.3d at 120 n.2. However, it is the claimant's burden to present medical findings that show her impairment matches or is equivalent to a listed impairment. <u>Williams v. Sullivan</u>, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for her decision. <u>Burnett</u>, 220 F.2d at 119.

According to plaintiff, the ALJ erred in failing to find that she meets or equals a listing under 1.00 (musculoskeletal impairments) or 6.00 (genitourinary impairments). Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at her step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff suffers from the severe impairments of urinary incontinence and degenerative disc disease. However, the ALJ determined that plaintiff's impairments, even when considered

%AO 72
(Rev. 8/82)

in combination, do not meet or equal any listed impairment. The ALJ's decision indicates that she considered listings under 1.00 and 6.00, but she found that plaintiff's conditions do not satisfy all the criteria of any listing. (R. 14). The ALJ then discussed and analyzed the medical evidence and explained that it failed to establish plaintiff's impairments meet or equal any listing. (R. 16-19).

The ALJ satisfied her burden; however, plaintiff failed to sustain her burden of showing that her impairments meet, or are equal to, a listing. Other than broadly asserting that she meets or equals a listing under 1.00 or 6.00, plaintiff did not demonstrate that the evidence of record substantiates her argument. Furthermore, the court notes that no medical source of record found that plaintiff's impairments meet or equal a listing. For these reasons, the court concludes that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 4 finding is supported by substantial evidence. At step 4, the issue is whether plaintiff's residual functional capacity permits her to perform her past relevant work. 20 C.F.R. §§404.1520(f), 416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other

requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff argues that the ALJ erred at step 4 because she incorrectly assessed plaintiff's residual functional capacity and also posed an improper hypothetical question to the vocational expert that did not account for all of plaintiff's limitations. These arguments lack merit.

Plaintiff first contends that the RFC Finding is not supported by substantial evidence. To the contrary, in assessing plaintiff's residual functional capacity, the ALJ analyzed in detail the medical evidence of record, along with plaintiff's activities of daily living, and her own statements about her impairments. (R. 15-19). The ALJ then made an RFC Finding which fully accommodates plaintiff's limitations that are supported by the evidence. The RFC Finding limits plaintiff to light work and restricts her to occasional postural maneuvers to account for the effects of her degenerative disc disease, as well as a restriction to work that can be performed wearing an incontinence protection pad and a requirement that she be allowed brief access to a restroom every 45 to 60 minutes to accommodate her urinary incontinence. (R. 20). After reviewing the record as a whole, this court is satisfied that the RFC Finding is supported by substantial evidence, and plaintiff's argument to the contrary lacks merit.

Plaintiff's final argument is that the ALJ's hypothetical question to the vocational expert did not account for all of the limitations caused by her impairments. An ALJ's hypothetical to

a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. <u>Chrupcala v. Heckler</u>, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's hypothetical incorporated all of plaintiff's functional limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding.[3] Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform her past work as an office clerk, as well as other work that exists in the national economy.

After carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not

---

[3]Contrary to plaintiff's assertion, there was no basis for the ALJ to include in the hypothetical question any limitations related to her claimed left ankle and leg pain or her esophageal impairment. After undergoing an esophageal dilation, plaintiff's physician, Dr. Bilofsky, reported that she was doing well and subsequent physical examinations were unremarkable. (R. 310, 312). Significantly, Dr. Bilofsky did not identify any limitations related to plaintiff's claimed esophageal impairment. Likewise, plaintiff's claimed left ankle and leg problem did not cause any limitations that warranted inclusion in the ALJ's hypothetical question to the vocational expert. X-rays of plaintiff's ankle did not demonstrate any fracture or dislocation, and there were no soft tissue abnormalities. (R. 324). Moreover, no treating physician assessed any functional limitations as a result of any left leg or ankle pain that plaintiff experienced.

otherwise erroneous.   Therefore, the decision of the Commissioner

must be affirmed.

_Gustave Diamond_
Gustave Diamond
United States District Judge


cc:   J. Kirk Kling, Esq.
      630 Pleasant Valley Boulevard
      Suite B
      Altoona, PA 16602

      Stephanie L. Haines
      Assistant U.S. Attorney
      319 Washington Street
      Room 224, Penn Traffic Building
      Johnstown, PA 15901